**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Luther Lopez,** | ) | **CASE NO. 1:15 CV 1970** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **JP Morgan Chase Bank,** | ) | **Memorandum of Opinion and Order** |
| **National Association,** | ) | |
| **Defendant.** | ) | |

### Intr oduction

This matter is before the Court upon defendant Chase Bank USA, N.A.'s Motion for

Summary Judgment (Doc. 22).  This case alleges a violation of the Fair Credit Reporting Act

(FCRA), 15 U.S.C. § 1681 *et seq*. For the following reasons, defendant's motion is

GRANTED.

### Facts

Plaintiff Luther Lopez, proceeding *pro se,* filed an Amended Complaint against

defendants Chase Bank USA, N.A[1] (hereafter, Chase) and Experian Information Solutions

---

[1]     This defendant was originally improperly named as JP Morgan Chase Bank.

asserting two claims. The facts are taken from the declaration of David Rivera, submitted by

Chase.  Plaintiff submits no evidence in support of his opposition brief. Rivera states the

following. He is the Operations Team Leader for Chase Bankcard Services.  On October 31,

2013, Chase received an internet application, in the name of Luther Lopez, for a credit card

issued by Chase. The application contained the name, address, Social Security number, home

phone number, and email address of plaintiff. Based on the receipt of the application which

contained the personal identifying information, Chase obtained a consumer credit report for

plaintiff for the purpose of making a decision on whether to extend credit. Chase ultimately

declined to issue a credit card to plaintiff.  Plaintiff was notified of the decision at the address

reflected on the credit report.  On March 31, 2015, plaintiff sent a letter to Chase informing it

of an allegedly unauthorized inquiry by Chase on his credit file.  On April 27, 2015, Chase

sent plaintiff a letter asking for additional information relating to plaintiff's concern, but

Chase has no record of receiving a response to the letter. Chase has no record of receiving any

notice or communication from Experion that plaintiff disputed the credit inquiry.  (Rivera

decl.)

The Amended Complaint sets forth two claims. Count One alleges that Experion

violated the FCRA by failing to "notify and/or follow up on the removal" of an unauthorized

and fraudulent inquiry by Chase after being informed of such by plaintiff.  Experion also

failed to conduct a proper investigation after being informed of the fraudulent inquiry and/or

failing to remove it from plaintiff's credit file when Chase did not do so.  Count Two alleges

that Chase violated the FCRA, 15 U.S.C. § 1681s-2, by failing to remove "an unauthorized

and fraudulent inquiry" on plaintiff's credit file upon being properly notified by Experion.

This matter is now before the Court upon Chase's Motion for Summary Judgment.

**<u>Standard of Review</u>**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc*., 8 F.3d 335, 340 (6th Cir.1993).  The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image*

*Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

Chase moves for summary judgment on the claim asserted against it.  For the following reasons, summary judgment is warranted.

The Complaint alleges that Chase violated 15 U.S.C. § 1681s-2 when it was "properly notified by...  Experion concerning an unauthorized and fraudulent inquiry on the plaintiff's credit file, and failed to remove such." The FCRA creates a private right of action to enforce § 1681s-2(b). Under that section, certain duties are imposed on furnishers of consumer information when receiving notice of a dispute by a credit reporting agency.  *Boggio v. USAA Federal Savings Bank,* 696 F.3d 611 (6th Cir. 2012). In order to assert a cause of action against a furnisher for violating the FCRA, the furnisher must have received notice of the dispute from a credit reporting agency.  *Id.* at 615.

Irrespective of whether Chase was notified by Experion, the evidence shows that Chase performed the initial credit inquiry for a permissible purpose under 15 U.S.C. § 1681b(a)(3)(A).  That section states that it is a permissible purpose to furnish a consumer

report "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit." Based on the uncontroverted evidence, Chase received a credit card application in plaintiff's name and containing plaintiff's personal identifying information.  Chase then obtained a copy of plaintiff's credit report for the purpose of deciding whether to extend credit in response to the application.  (Rivera decl.)  Based on the credit card application, Chase was authorized to obtain plaintiff's credit report for the purpose of deciding whether to extend credit. In his brief, plaintiff does not dispute that Chase's credit inquiry was for a permissible purpose under the statute.  Thus, plaintiff has no claim under the FCRA based on a "dispute" concerning a permissible inquiry.

Finally, as recognized by Rivera, plaintiff contacted Chase regarding the allegedly fraudulent inquiry. However, there is no private right of action under the FCRA based on a consumer's direct dispute with a furnisher of information. *Brown v. Wal Mart Stores, Inc.*, 507 F. Appx. 543 (6th Cir.2012) (Directly contacting the furnisher of credit information does not actuate the furnisher's obligation to investigate a complaint.) *See also* 45 Am. Jur. Proof of Facts 3d 221 (1998) (citing 15 U.S.C. § 1681s 2(a); *Alcala v. Popular Auto, Inc.*, 2011 WL 6056725 (D.P.R. 2011) ("Although a consumer may dispute credit information directly to a furnisher of information to a credit reporting agency (CRA), the consumer has no private right of action, under the FCRA, if the furnisher does not reasonably investigate the consumer's claim after direct notification.")

For these reasons, defendant Chase is entitled to summary judgment.[2]

**<u>Conclusion</u>**

For the foregoing reasons, defendant Chase Bank USA, N.A.'s Motion for Summary

Judgment is granted.  Count Two is dismissed.

IT IS SO ORDERED.


      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/24/16

---

[2]     Plaintiff contends that summary judgment is premature because he has not
completed discovery as to Experion.  However, further discovery will not alter the
Court's conclusions as to whether Chase's credit inquiry was for a permissible
purpose or whether plaintiff has a claim based on a direct dispute with Chase.